UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| SMITH & WESSON HOLDING CORPORATION, : | |
| : | |
| Plaintiff, : | Civil Action Case No. |
| : | |
| v. : | |
| : | |
| NATIONAL UNION FIRE INSURANCE : | COMPLAINT AND DEMAND |
| COMPANY OF PITTSBURGH, PA, : | FOR JURY TRIAL |
| : | |
| Defendant. : | |
| : | |

---

## NATURE OF CLAIM, JURISDICTION, AND VENUE

1. This is an action for declaratory relief, breach of contract to recover damages sustained by Smith & Wesson Holding Corporation/Smith & Wesson Corp ("Smith & Wesson"), and a claim of unfair and deceptive act violation(s) of Massachusetts General Laws Chapter 93A et. seq. and 176D arising out of existing, actual controversies between Smith & Wesson and Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, and 15 U.S.C § 1 et. seq.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 and Local Rule 40.1 (D)(1)(c) of the United States Court for the District of Massachusetts.

## THE PARTIES

4. Plaintiff Smith & Wesson Holding Corporation is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Springfield, Massachusetts.

5. Defendant National Union is a Pennsylvania corporation, with its principal place of business at 175 Water Street, New York, New York, that does and transacts business in Massachusetts.

6. National Union sold and issued primary layer Executive Liability Insurance Policy No. 01-856-10-30 to Smith & Wesson (the "National Union Policy").

7. The National Union Policy issued by National Union is applicable to the Underlying Claims described, *infra*.

## THE UNDERLYING CLAIMS

8. Smith & Wesson submitted, among others, the following claims for coverage under the National Union Policy (i) The United States Department of Justice Indictment of Amaro Goncalves (the "Goncalves Indictment"); (ii) United States Department of Justice Grand Jury Subpoena served on Smith & Wesson (the "DOJ Subpoena"); (iii) Boston Regional Office of United States Securities and Exchange Commission Subpoena served on with Smith & Wesson (the "SEC Subpoena"); and (iv) The Hart/Holt Verified Complaint Filed in the United States District Court for the District of Massachusetts, and an earlier filed Hart/Holt Derivative Action filed in Nevada state court (the "Derivative Actions"). (Collectively referred to herein as the "Underlying Claims").

9. Smith & Wesson already has incurred, and already has paid, fees, costs, and expenses in the investigation and defense of the Underlying Claims.

10.     National Union's denial of coverage for the Underlying Claims has prevented Smith & Wesson from recovering defense costs under excess D&O Policies issued by certain other carriers to Smith & Wesson covering the May 11, 2009 – August 1, 2010 policy period.

11.     Smith & Wesson seeks a declaration that defendant National Union has a duty to reimburse Smith & Wesson for all fees, costs, and expenses incurred in defending the Underlying Claims.

## THE NATIONAL UNION POLICY

12.     The National Union policy provides a number of individual and organization liability coverages.

13.     Under the National Union Policy, Coverage B provides Organization Insurance in that it: (i) reimburses Smith & Wesson for its indemnifications of its officers, directors, and employees; and (ii) pays Smith & Wesson for Loss Arising out of Securities Claims.

14.     National Union denied coverage to Smith & Wesson for the Underlying Claims.

15.     National Union's denial of coverage was based primarily upon an exclusion found as Endorsement No. 3 to the National Union Policy.

16.     Smith & Wesson paid premiums to obtain coverage under the National Union Policy, and such policy was in full force and effect at all pertinent times.

17.     In consideration of the premiums paid, National Union is obligated to pay the Loss of any Insured Person arising from a Claim for any Wrongful Act of such Insured Person, which is first made during the May 11, 2009 – August 1, 2010 policy period.

18.     In consideration of the premiums paid, National Union also is obligated to pay the Loss incurred by Smith & Wesson to the extent that Smith & Wesson has indemnified an Insured

Person with respect to the Underlying Claims, or arising from a Securities Claim against Smith & Wesson, for any Wrongful Act of Smith & Wesson.

19. The National Union Policy was in effect for the period of May 11, 2009 to August 1, 2010 (the "Policy Period").

20. The National Union Policy has a $10 million limit of liability, and is subject to a $450,000 retention in the case of Securities Claims, and a $200,000 retention for all other claims.

21. Smith & Wesson has paid the required retention(s).

## THE INSURANCE CONTROVERSY

22. Smith & Wesson has incurred substantial fees, costs and expenses in connection with the Underlying Claims and continues to incur additional fees, costs and expenses along with potential future liabilities in connection therewith.

23. To date, defendant National Union has refused to reimburse its insured Smith & Wesson with respect to the Underlying Claims.

24. Smith & Wesson has paid millions of dollars in fees, costs, and expenses, defending the Underlying Claims.

25. Smith & Wesson has complied with all of the terms and conditions precedent, if any, contained in the National Union Policy.

26. By letter dated June 28, 2010, Smith & Wesson gave notice to National Union of the Goncalves Indictment, and the DOJ Subpoena.

27. By separate letter dated June 28, 2010, Smith & Wesson gave notice to National Union of the SEC Subpoena.

28. By letter dated September 21, 2010, Chartis Claims, Inc. ("Chartis), issued a letter to Smith & Wesson on behalf of National Union denying coverage under the National Union Policy for the Goncalves Indictment, the DOJ Subpoena, and the SEC Subpoena.

29. Chartis is the authorized claims representative of National Union Fire Insurance Company of Pittsburgh, PA.

30. On or before July 6, 2011, Smith & Wesson gave notice to National Union of the Derivative Actions under the National Union Policy.

31. By letter dated August 5, 2011, Chartis, through its outside counsel, issued a letter on behalf of National Union denying coverage for the Derivative Actions.

32. The National Union Policy obligates Defendant National Union to pay all costs, expenses, and liabilities associated with the Underlying Claims.

33. Smith & Wesson has given proper notice of the Underlying Claims, and has demanded that defendant National Union fulfill its obligations under the National Union Policy.

34. Smith & Wesson is entitled to the full benefit of the National Union Policy.

35. Despite Smith & Wesson's demands, defendant National Union has failed to honor its obligations under the Nation Union Policy.

36. Defendant National Union has refused to reimburse Smith & Wesson for fees, costs, and expenses incurred and paid by Smith & Wesson with respect to the Underlying Claims.

37. Smith & Wesson reasonably expected defendant National Union to pay fees, costs and expenses incurred as a result of the Underlying Claims.

38. Defendant National Union's conduct has compelled Smith & Wesson to seek a declaration of its rights, and defendant National Union's duties and obligations under the National Union Policy.

## COUNT I - DECLARATORY JUDGEMENT

39. Smith & Wesson herby adopts by reference and incorporates herein the allegations in the preceeding paragraphs of this complaint, above.

40. Defendant National Union has failed to honor and has breached its defense obligations under the National Union Policy to pay fees, costs, and expenses associated with the Underlying Actions.

41. As such, an actual and justifiable controversy exists between Smith & Wesson and defendant National Union regarding the duties and obligations under the policy issued by defendant with respect to the Underlying Claims.

42. Smith & Wesson is entitled to a judicial determination and declaration by this Court that defendant National Union is obligated to reimburse Smith & Wesson for all costs, fees, and expenses associated with the Underlying Claims.

## COUNT II – BREACH OF CONTRACT

43. Smith & Wesson hereby adopts by reference and incorporates herein the allegations in the preceeding paragraphs of this complaint, above.

44. Smith & Wesson has incurred and will continue to incur fees, costs, and expenses associated with the Underlying Claims.

45. Defendant National Union has refused to reimburse and indemnify Smith & Wesson for such fees, costs, and expenses.

46. By reason of the foregoing, defendant National Union has breached its obligations under the policies, and is liable to Smith & Wesson for money damages, costs and payments and all other sums incurred by Smith & Wesson or which may be incurred by Smith & Wesson, together with the costs and disbursements of this action, including but not limited to reasonable attorneys' fees and pre-judgment and post-judgment interest.

### COUNT III - VIOLATION OF CHAPTER 93A

47. Smith & Wesson hereby adopts by reference and incorporates herein the allegations in the preceeding paragraphs of the Complaint, above.

48. At all times relevant hereto, Plaintiff Smith & Wesson and Defendant National Union were engaged in trade or commerce.

49. National Union's unjustified refusal to honor its contractual obligations under the Nation Union Policy constitutes a violation of Mass. Gen. L. ch. 176D, §3 (§9).

50. National Union's actions described herein constitute unfair or deceptive acts or practices within the meaning of Mass. Gen. L. ch. 93A, §2.

51. National Union's actions described herein were performed willfully and knowingly.

52. As a result of the above-described unfair or deceptive acts or practices, Smith & Wesson sustained injury.

WHEREFORE, Smith & Wesson requests that this Court enter judgment in its favor and against defendant National Union:

    (A)    Declaring that defendant National Union fully reimburse Smith & Wesson for all fees, costs and expenses associated with the Underlying Claims;

    (B)    Awarding money damages;

(C) Awarding multiple damages to Smith & Wesson pursuant to Mass. Gen. L. ch. 93A;

(D) Awarding interest, costs, and attorneys' fees to Smith & Wesson; and

(E) Ordering such further or different relief as this Court may deem just and proper.

Dated: November 13, 2012

The Plaintiff
SMITH & WESSON CORP.
By Its Attorneys:

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, BBO No. 631922
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: (413) 781-2820
Fax: (413) 272-6806

Of Counsel:

William J. Wright, Jr., Esq.
LAW OFFICES OF WILLIAM J. WRIGHT, JR.
1118 East Seventh Street
Plainfield, NJ 07062
Tel: (908) 337-7084

1408705v1